FILED
March 16, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002489840

**3**

Michelle G. Oleksa, #203891
Oleksa Law Office, P.C.
8939 N. Chestnut Avenue
Ste. 404
Fresno, CA 93720
Phone: 559-298-4759
Fax: 559-298-2206

Attorney for GEOFFREY RICHARDS, Trustee

# THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SONIA LUONG,<br><br>Debtor.<br><br>SSN: XXX-XX-5288<br>5365 Box R Ranch Rd.<br>Vacaville, CA 95687 | Case No.: 08-32118-C-7<br>DC NO.: MGO-2<br>Chapter 7<br>Date: April 13, 2010<br>Time: 9:30 a.m.<br>Place: 501 I Street, 6th Fl.<br>Courtroom 35<br>Sacramento, CA 95814<br>Judge: Hon. Christopher M. Klein |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE**

Geoffrey Richards, Chapter 7 Trustee ("Trustee") of the Estate of SONIA LUONG ("Debtor"), hereby respectfully requests authority to sell personal property of the Estate, as follows:

1. A Voluntary Petition was filed on August 28, 2008 as a Chapter 11 case. The case was converted to Chapter 7 on October 27, 2009. Trustee was duly appointed the Chapter 7 Trustee of the Estate of the Debtor on October 29, 2009.

2. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N). This Motion is

brought pursuant to 11 U.S.C. § 363(b), and Fed.R.Bankr.P. Rules 2002(a)(2) and 6004.

4. By this Motion, the moving party requests that the provisions of Fed.R.Bankr.P. Rule 6004(h) be waived so that the sale is not subjected to the fourteen day stay, since much of the inventory is being held at a storage facility and rental charges are accruing.

5. Among the assets of this Estate is a variety of personal property that is inventory from Debtor's prior furniture business. A detailed summary of all items to be auctioned is being filed concurrently herewith as Exhibit "A," and is incorporated herein by reference.

6. Trustee has employed West Auctions LLC to conduct the public auction of the personal property. An Order on Ex Parte Application to Employ Auctioneer to Conduct Piecemeal or Bulk Action Sale was filed on February 18, 2010.

7. West Auctions LLC shall receive twenty percent (20%) of the gross proceeds of the public auction including expenses, estimated to be around $20,000.00, for commissions of around $4,000.00. Any extraordinary expenses for removal and/or storage of personal property if required shall not be included in such commission, but will be subject to separate application for approval of reimbursement.

8. Trustee believes that that are no encumbrances against the inventory being sold.

9. Debtor has an exemption in her "Household Furniture," which is not a part of this sale. Thus, Trustee anticipates net proceeds of around $16,000.00.

10. Trustee has considered any tax implications of the sale, and has determined that there will be no adverse tax consequences from the sale of the personal property.

11. A sale of the personal property is fair and reasonable given the nature and use of the assets and the circumstances of this sale. The Trustee believes that such a sale is in the best interests of the Estate and its creditors.

12. The Trustee asserts that good business judgment supports the proposed sale.

WHEREFORE Trustee prays:

A. That the Court issue an order authorizing the auction of the personal property by West Auctions LLC as set forth herein;

/ / /

B. For an order authorizing Trustee to execute any and all documents reasonably necessary to effectuate the auction of the personal property;

C. For the fourteen day stay provision of Fed.R.Bankr.P. Rule 6004(h) to be waived; and

D. For such other and further relief as the Court deems just and proper.

DATED:   March 15, 2010           OLEKSA LAW OFFICE, P.C.

      /s/ Michelle G. Oleksa
By:   Michelle G. Oleksa,
      Attorney for Trustee